BLANK ROME LLP
Jeffrey Rosenfeld (SBN 221625)
jeffrey.rosenfeld@blankrome.com
2029 Century Park East, 6th Floor
Los Angeles, CA 90067
Telephone: (424) 239-3400
Facsimile: (424) 239-3434

Attorneys for Plaintiff John Doe

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JOHN DOE, an individual,

Plaintiff,

v.

SAIGE STAR ROWLEY, an individual,

Defendant.

Case No.

**COMPLAINT FOR:**

**(1) DISCLOSURE OF INTIMATE IMAGES, 15 U.S.C. § 6851;**

**(2) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**

**(3) UNAUTHORIZED COMMERCIAL USE OF PHOTOGRAPHS;**

**(4) PUBLIC DISCLOSURE OF PRIVATE FACTS; AND**

**(5) VIOLATION OF CALIFORNIA CIVIL CODE § 1708.85**

**[JURY TRIAL DEMAND]**

**JURISDICTION AND VENUE**

1. The United States District Court has federal question subject matter jurisdiction over this action based on 28 U.S.C. § 1331, because the complaint alleges a civil action under 15 U.S.C. § 6851(b)(1)(A).

2. Venue is proper because this is the judicial district where the defendant resides, and because it is where a substantial part of the events or omissions giving rise to the claim occurred. 15 U.S.C. § 1391(b)(1) and (2).

**PARTIES**

3. Plaintiff John Doe is an individual that resides in the County of Los Angeles, State of California. Plaintiff seeks to use a pseudonym in this action, pursuant to 15 U.S.C. § 6851(b)(3)(B), to maintain his confidentiality and to prevent further damage as a result of the actions alleged herein.

4. Defendant Saige Star Rowley is an individual, who plaintiff is informed and believes resides in the County of Los Angeles, State of California.

**GENERAL ALLEGATIONS**

5. Plaintiff and defendant were engaged in a consensual, intimate relationship, off and on, for approximately 2 years and 9 months prior to the events that give rise to this cause of action.

6. On December 4, 2024, defendant pled guilty to having violated Section 237.5(a) of the California Penal Code with respect to plaintiff. That statute provides that "A person who willfully inflicts corporal injury resulting in a traumatic condition upon a victim described in subdivision (b) [which includes a victim that had been in a dating relationship with the offender] is guilty of a felony." A criminal protective order was issued at that time, protecting plaintiff from defendant.

7. Plaintiff is informed and believes, and on that basis alleges, that in or about late December 2024 or early January 2025, in revenge for plaintiff's participation in the criminal action against defendant, defendant knowingly and

intentionally caused at least 21 different intimate visual depictions of plaintiff to be published on the website www.erome.com (the "Revenge Porn Images").

8. The Revenge Porn Images show plaintiff's genitals and/or plaintiff engaging in sexual acts.

9. The website on which plaintiff is informed and believes defendant published the Revenge Porn Images, www.erome.com, is publicly available on the Internet, and plaintiff is informed and believes that it is in or affects interstate or foreign commerce or is a means or facility of interstate or foreign commerce.

10. Plaintiff did not consent to the Revenge Porn Images being published.

11. Plaintiff is informed and believes that defendant had actual knowledge that plaintiff had not consented and would not consent to the Revenge Porn Images being published, or, in the alternative, that defendant was recklessly indifferent as to whether plaintiff had or would have given his consent to such publication.

## FIRST CAUSE OF ACTION

**[Unlawful disclosure of intimate images under 15 U.S.C. § 6851(b)]**

12. Paragraphs 1 through 11 are incorporated into this cause of action.

13. Plaintiff suffered significant economic, emotional, and psychological damages as a result of the publication of the Revenge Porn Images.

14. For each of the 21 Revenge Porn Images that were published as a result of defendant's actions, plaintiff is entitled to recover "the actual damages sustained by the individual or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred." 15 U.S.C. § 6851(b)(3)(A)(i). Plaintiff therefore seeks damages of at least $150,000 for each of the 21 images, totaling $3,150,000.

15. Plaintiff also seeks injunctive relief, requiring defendant to cease and desist from displaying and disclosing the Revenge Porn Images, to deliver all data storage devices and accounts on which she has saved or stored the Revenge Porn Images to counsel for plaintiff, and to account for all copies of the Revenge Porn

Images, as well as all related data storage repositories, that she has had in her possession, custody, or control. 15 U.S.C. § 6851(b)(3)(A)(ii).

**SECOND CAUSE OF ACTION**

**[Intentional Infliction of Emotional Distress]**

16. Paragraphs 1 through 11 are incorporated into this cause of action.

17. Plaintiff is informed and believes that defendant's publishing of the Revenge Porn Images constituted extreme and outrageous conduct, which exceeded all bounds of decency that are usually tolerated in a civilized society.

18. Plaintiff is informed and believes that defendant published the Revenge Porn Images with the intent to cause plaintiff to suffer severe emotional distress.

19. Plaintiff suffered severe emotional distress as the direct and proximate result of the publishing of the Revenge Porn Images, which plaintiff is informed and believes was perpetrated by the defendant.

20. Plaintiff is entitled to judgment in an amount to compensate him for the emotional distress that he suffered, as well as amounts spent or to be spent on combatting and removing the Revenge Porn from the internet. Plaintiff therefore seeks damages in an amount according to proof.

21. Plaintiff also seeks punitive damages, because defendant acted with oppression, fraud or malice.

22. Plaintiff further seeks injunctive relief, requiring defendant to cease and desist from displaying and disclosing the Revenge Porn Images, to deliver all data storage devices and accounts on which she has saved or stored the Revenge Porn Images to counsel for plaintiff, and to account for all copies of the Revenge Porn Images, as well as all related data storage repositories, that she has had in her possession, custody, or control.

**THIRD CAUSE OF ACTION**

**[Unauthorized Commercial Use Of Photographs]**

23. Paragraphs 1 through 11 are incorporated into this cause of action.

24. Plaintiff is informed and believes that defendant's publishing of the Revenge Porn Images constituted an unauthorized commercial use of plaintiff's photographs in violation of Section 3344 of the California Civil Code and the California common law right of publicity.

25. Plaintiff suffered general or special damages as a result of the distribution of the Revenge Porn Images, including those set forth in Cal. Civ. Code § 48(d)(1) and (d)(2).

26. Plaintiff is entitled to judgment in an amount equal to the greater of seven hundred fifty dollars per image or the actual damages suffered by him as a result of the unauthorized publication, as well as any profits attributable to such use. Plaintiff therefore seeks damages of at least 21 x $750, which is $15,750, or actual damages if greater, according to proof.

27. Plaintiff also seeks punitive damages, because defendant acted with oppression, fraud or malice.

28. Plaintiff further seeks injunctive relief, requiring defendant to cease and desist from displaying and disclosing the Revenge Porn Images, to deliver all data storage devices and accounts on which she has saved or stored the Revenge Porn Images to counsel for plaintiff, and to account for all copies of the Revenge Porn Images, as well as all related data storage repositories, that she has had in her possession, custody, or control.

## FOURTH CAUSE OF ACTION

## [Public Disclosure of Private Facts]

29. Paragraphs 1 through 11 are incorporated into this cause of action.

30. Plaintiff is informed and believes that defendant's publishing of Revenge Porn constituted an invasion of his privacy, because it constituted a public disclosure of private facts that would be objectionable to a reasonable person.

31. Plaintiff suffered general or special damages as a result of the distribution of the Revenge Porn Images, including those set forth in Cal. Civ. Code § 48(d)(1) and (d)(2).

32. Plaintiff seeks judgment in an amount to compensate him for the damages that he suffered, as well as amounts spent or to be spent on combatting and removing the Revenge Porn from the internet.

33. Plaintiff also seeks punitive damages, because defendant acted with oppression, fraud or malice.

34. Plaintiff further seeks injunctive relief, requiring defendant to cease and desist from displaying and disclosing the Revenge Porn Images, to deliver all data storage devices and accounts on which she has saved or stored the Revenge Porn Images to counsel for plaintiff, and to account for all copies of the Revenge Porn Images, as well as all related data storage repositories, that she has had in her possession, custody, or control.

**FIFTH CAUSE OF ACTION**

**[Action Based On California Civil Code § 1708.85]**

35. Paragraphs 1 through 11 are incorporated into this cause of action.

36. Plaintiff is informed and believes that defendant intentionally distributed the Revenge Porn Images.

37. Plaintiff is informed and believes that defendant knew, or reasonably should have known, that plaintiff had a reasonable expectation that the Revenge Porn Images would remain private.

38. The Revenge Porn Images exposed an intimate body part of plaintiff and/or showed plaintiff engaging in an act of intercourse, oral copulation, sodomy, or other act of sexual penetration.

39. Plaintiff suffered general or special damages as a result of the distribution of the Revenge Porn Images, including those set forth in Cal. Civ. Code § 48(d)(1) and (d)(2).

40. Plaintiff seeks judgment in an amount to compensate him for the damages that he suffered, as well as amounts spent or to be spent on combatting and removing the Revenge Porn from the internet.

41. Plaintiff also seeks punitive damages, because defendant acted with oppression, fraud or malice.

42. Plaintiff further seeks injunctive relief, requiring defendant to cease and desist from displaying and disclosing the Revenge Porn Images, to deliver all data storage devices and accounts on which she has saved or stored the Revenge Porn Images to counsel for plaintiff, and to account for all copies of the Revenge Porn Images, as well as all related data storage repositories, that she has had in her possession, custody, or control.

**PRAYER FOR RELIEF**

Plaintiff prays for judgment against defendant as follows:

A. On the first cause of action:

a. The greater of $3,150,000 in liquidated damages or actual damages suffered by plaintiff, pursuant to 15 U.S.C. § 6851(b)(3)(A)(i).

b. Reasonable attorney's fees and other litigation costs reasonably incurred by plaintiff, pursuant to 15 U.S.C. § 6851(b)(3)(A)(i).

c. Injunctive relief, requiring defendant to cease and desist from displaying and disclosing the Revenge Porn Images, to deliver all data storage devices and accounts on which she has saved or stored the Revenge Porn Images to counsel for plaintiff, and to account for all copies of the Revenge Porn Images, as well as all related data storage repositories, that she has had in her possession, custody, or control, pursuant to 15 U.S.C. § 6851(b)(3)(A)(ii).

B. On the second cause of action:

a. General damages according to proof.

b. Special damages according to proof.

      c. Punitive damages.

      d. Injunctive relief, requiring defendant to cease and desist from displaying and disclosing the Revenge Porn Images, to deliver all data storage devices and accounts on which she has saved or stored the Revenge Porn Images to counsel for plaintiff, and to account for all copies of the Revenge Porn Images, as well as all related data storage repositories, that she has had in her possession, custody, or control.

C. On the third cause of action:

      a. The greater of $15,750 or actual damages according to proof; and

      b. Punitive damages.

      c. Injunctive relief, requiring defendant to cease and desist from displaying and disclosing the Revenge Porn Images, to deliver all data storage devices and accounts on which she has saved or stored the Revenge Porn Images to counsel for plaintiff, and to account for all copies of the Revenge Porn Images, as well as all related data storage repositories, that she has had in her possession, custody, or control.

D. On the fourth cause of action:

      a. General damages according to proof.

      b. Special damages according to proof.

      c. Punitive damages.

      d. Injunctive relief, requiring defendant to cease and desist from displaying and disclosing the Revenge Porn Images, to deliver all data storage devices and accounts on which she has saved or stored the Revenge Porn Images to counsel for plaintiff, and to account for all copies of the Revenge Porn Images, as well as all related data

storage repositories, that she has had in her possession, custody, or control.

E. On the fifth cause of action:

a. General damages according to proof.

b. Special damages according to proof.

c. Punitive damages.

d. Injunctive relief, requiring defendant to cease and desist from displaying and disclosing the Revenge Porn Images, to deliver all data storage devices and accounts on which she has saved or stored the Revenge Porn Images to counsel for plaintiff, and to account for all copies of the Revenge Porn Images, as well as all related data storage repositories, that she has had in her possession, custody, or control.

F. In addition, on each cause of action:

a. Reasonable attorneys' fees incurred by plaintiff;

b. Court costs; and;

c. Any other relief that the Court deems appropriate.

DATED: February 19, 2025 BLANK ROME LLP

By: */s/ Jeffrey Rosenfeld*
Jeffrey Rosenfeld
Attorney for Plaintiff John Doe

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury.

DATED: February 19, 2025 BLANK ROME LLP

By: */s/ Jeffrey Rosenfeld*
Jeffrey Rosenfeld
Attorney for Plaintiff John Doe