UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN DOE, | ) | Case No. CV 25-1387 FMO (RAOx) |
|                Plaintiff, | ) ) | |
|      v. | ) ) | **ORDER RE: SETTLEMENT CONFERENCE** |
| SAIGE STAR ROWLEY, | ) ) | |
|                Defendant. | ) ) | |

Pursuant to the status conference held on January 28, 2026, IT IS ORDERED THAT:

1. The parties and their counsel shall attend a Settlement Conference before Magistrate Judge Rocconi on **March 18, 2026, at 1:00 p.m.** in Courtroom 790 of the Edward R. Roybal Federal Building.

2. Unless otherwise ordered by Judge Rocconi, counsel and the parties must comply with the requirements set forth below.

3. **Mandatory Participants and Attendees:** Everyone whose decision is necessary for settlement must participate in the Settlement Conference, even if a party, representative, or counsel is located outside the Central District of California. The plaintiff's representative (unless plaintiff is pro se) must have full and final authority, in the representative's discretion, to authorize dismissal of the case with prejudice or to accept a settlement amount recommended by Judge Rocconi down to the defendant's last offer made prior to the Settlement Conference. The

defendant's representative must have full and final authority to commit the defendant to pay, in the representative's discretion, a settlement amount recommended by Judge Rocconi up to the plaintiff's prayer (excluding punitive damage prayers) or up to the plaintiff's last demand made prior to the Settlement Conference, whichever is lower.

Any insurance company that is a party or is contractually required to defend or to pay damages, if any, assessed within policy limits in this case must have a fully authorized settlement representative present at the conference. Such representative must have final settlement authority to commit the company to pay, in the representative's sole discretion, an amount recommended by Judge Rocconi within the policy limits. An insurance representative authorized to pay, in the representative's sole discretion, up to the plaintiff's last demand made prior to the Settlement Conference will also satisfy this requirement. Counsel of record will be responsible for timely advising any involved non-party insurance company of the requirement of this Order.

4. **Confidential Communications:** Pursuant to Local Rule 16-15.8, all settlement proceedings shall be confidential and no statement made therein shall be admissible in any proceeding in the case, unless the parties otherwise agree in writing. No part of a settlement proceeding shall be reported or otherwise recorded, without the consent of the parties, except for the initial case call and notices of appearance, and any memorialization of a settlement that the parties seek to place on the record.

Judge Rocconi may, in her discretion, converse with the lawyers, the parties, the insurance representatives, or any one of them outside of the hearing of the others. Judge Rocconi also may, in her discretion, converse with the lawyers <u>ex parte</u> by telephone in advance of the Settlement Conference. The comments of Judge Rocconi during any such separate sessions or <u>ex parte</u> conversations are not to be recorded or used by counsel in any way during the Settlement Conference, in any court proceedings, or in settlement negotiations with opposing counsel either before or after the Settlement Conference. Judge Rocconi will not report the substance of any settlement discussions to the assigned District Judge, other than the fact of whether a settlement was reached or not.

5. **Pre-Settlement Conference Requirements:** At the Settlement Conference, each party shall be fully prepared to discuss all economic and non-economic factors relevant to a full and final settlement of the case. The parties must attempt in good faith to resolve the case before the Conference. Except in exceedingly rare situations, a mutual walk-away proposal or offer to waive the right to pursue fees and costs as the prevailing party will not be considered a good faith settlement offer and may result in the imposition of sanctions.

By no later than **ten (10) calendar days before the Settlement Conference**, each party shall submit, ex parte, their confidential response to the attached Settlement Conference Questionnaire directly to the Chambers of Magistrate Judge Rocconi via email to MAR_Chambers@cacd.uscourts.gov. The response to the questionnaire should candidly assess the strengths and weaknesses of the case from each party's respective position, and it **should not exceed five pages**.

6. **Sanctions for Violating this Order:** The court expects strict compliance with the provisions set forth in this Order. The failure of any party or attorney to comply strictly with these requirements may result in sanctions being imposed. The sanctions may include, but are not limited to, the fees and costs expended by the other parties in preparing for and attending the Settlement Conference.

7. **The parties must, no later than 48 hours after the settlement proceeding is completed, file a Status Report Re: Settlement**, indicating whether the case has settled. Dated this 24th day of February, 2026.

/s/
Fernando M. Olguin
United States District Judge

SETTLEMENT CONFERENCE QUESTIONNAIRE

SUBMITTED BY: _____

ATTORNEY FOR: _____

**NOTE: Please use attachments only when necessary to support potential terms of settlement.**

1. Statement of facts pertinent to settlement.
2. If liability not admitted, bona fide defenses and counterclaims tendered by Defendant(s).
3. Damages - Plaintiff should list the special damages incurred and claimed. Do not use the maximum possible figures but what is deemed reasonable and what will be presented at trial. List special and general damages separately. Defendant should list what is claimed to be a reasonable amount where items are contested.
4. Weaknesses in your case/defense.
5. Evaluation of fair settlement: $_____; Non-economic relief, if any.
6. Describe the history of settlement negotiations, if any.
7. Does either party have client problems which affect these negotiations? Do client and attorney disagree on the settlement value? Discuss.
8. What factors not discussed above have hampered settlement negotiations?
9. State your opinion as to the bona fide chance for settlement in this matter. \_\_\_\_%
10. Litigation expenses: To date $_____; Estimate of present to conclusion $_____.
11. State your realistic forecast for the cost of a trial and discuss considerations such as: whether it will be a court or jury trial; the number of expected witnesses; whether and how many expert witnesses may be needed; and the anticipated number of trial days.